UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT C. MCGEE, | : CIVIL ACTION NO. 3:CV-12-1581 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| BRIAN V. COLEMAN, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner, Vincent McGee, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Centre County, Pennsylvania. (Doc. 1). For the reasons that follow, the petition will be denied.

**I.** **Background**

A portion of the factual and procedural background of this case has been extracted from the Pennsylvania Superior Court's March 31, 2004 Memorandum Opinion affirming McGee's conviction and sentence. (See Doc. 16-3 at 33-36, Memorandum Opinion).

> The testimony at trial established that on November 8, 2001, Amy McGee was working as a employee at Verizon Wireless when she called home to speak to her two-year-old son. Amy realized that Appellant, who had a history of alcohol abuse and was home with his and Amy's two children, was intoxicated. Amy went home and made arrangements for her parents to baby-sit the children. When Amy returned to work that afternoon, she told one of her co-workers that it

was over between her and Appellant, and that she wasn't going back to him. Appellant called the store several times that day to speak with Amy, and eventually appeared at the store in person an d followed Amy around. Subsequently, Appellant left the store with the truck that Amy had driven to work. At the end of the day, Amy's parents picked her up and Amy, her parents, and the children went to a restaurant for dinner. Appellant arrived at the restaurant, at which time Amy told him he had until the next day to move out of the house. Appellant stated that he was not going to leave without his sons; he then went home.

After dinner, Amy's parents drove her to her house so that she could pick up some clothing for the children. Amy went into the house, and approximately ten minutes later, Appellant came to the door and told Amy's parents to come inside because he had just shot Amy. When the police arrived at the residence, they saw Appellant in the living room leaning over Amy, who had a single gunshot would to the head. Appellant old the officers that he had been seated in a recliner chair, with Amy standing nearby, when the gun the Appellant had tucked into his waistband became uncomfortable. Appellant claimed that he decided to move the gun from his left side to his right, and that as he did so, the gun accidentally discharged and the bullet struck his wife. The forensic evidence indicated, however, that the bullet traveled from the top of Amy's skull downward.

That same day, Appellant was arrested and charged with first-degree murder, third-degree murder, voluntary manslaughter and involuntary manslaughter. Prior to trial, Appellant filed an omnibus pretrial motion wherein he requested, *inter alia*, an amendment of the bill of information and suppression of his post-arrest statements to police. The motion was denied, in relevant part, by the trial court on May 20, 2002. At trial, the Commonwealth proceeded on the murder charges alone, and on September 19, 2002, Appellant was convicted of first-degree murder. He was immediately sentenced to life imprisonment. On September 27, 2002, Appellant filed timely post-sentence motions, which were denied by the trial court on February 10, 2003. This timely appeal followed.

On appeal, Appellant presents the following issues for our review:

1. Did the Trial Court commit reversible error in denying appellant's Motion in Limine, in allowing numerous co-workers of Amy McGee to testify to hearsay statements made by her to them, and in denying appellant's Motion for Mistrial raised during the testimony of co-worker Timothy Guffey when he testified that Amy McGee had told him that appellant had punched her in the nose several months prior to her shooting death?

2. Did the Trial Court commit reversible error in denying appellant's Omnibus Pre-Trial Motions in the nature of Motions to Suppress Statements?

3. Did the Trial Court commit reversible error in denying appellant's Motion in Limine and Supplemental Motion in Limine and allowing Trooper Brian Hoover to testify as to the Bedford County incident on October 17, 1999, resulting in appellant being charged with Recklessly Endangering Another Person, that did not result in a conviction?

4. Did the Trial Court commit reversible error in denying appellant's Motion to Amend Bill of Information to include a count of Voluntary Manslaughter, an offense on which appellant was initially charged and bound over to stand Trial, and in refusing to charge the Jury on Voluntary Manslaughter and ton include it on the Verdict Slip?

5. Did the Trial Court commit reversible error in refusing to recharge the Jury on the defense of Voluntary Intoxication when it re-instructed the Jury on the elements of First Degree Murder and Third Degree Murder?

(See Doc. 16-3 at 33-36, Memorandum Opinion). By Memorandum Opinion dated March 31, 2004, the Pennsylvania Superior Court affirmed Petitioner's first-degree murder conviction. Id. By Order dated July 21, 2004, the Pennsylvania

State Supreme Court denied McGee's petition for allowance of appeal. (Doc. 16-3 at 50, Order).

On July 18, 2005, Petitioner, acting *pro se*, filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541, et seq. ("PCRA"). (Doc. 16-3 at 52, PCRA petition). He raised eighteen (18) claims of ineffective assistance of counsel and one (1) claim of prosecutorial misconduct. Id. McGee's PCRA petition was amended on December 7, 2007. (Doc. 16-3 at 69, Amended PCRA petition).

On July 8, 2010 Petitioner filed a *pro se* Petition for Redress of Grievance with the trial court. (Doc. 16-3 at 84, Petition). On August 11, 2010, Petitioner filed a Notice of Fault, (Doc. 16-3 at 89, Notice) and on August 20, 201, Petitioner filed a Notice of Default and Res Judicata. (Doc. 16-3 at 94, Notice). By Order dated August 23, 2010, the trial court dismissed, with prejudice, the Petition for Redress of Grievance as being unintelligible and dismissed Petitioner's two notices of Default. (Doc. 16-3 at 99, Order).

On September 23, 2010, Petitioner filed another Petition for Redress of Grievance, (Doc. 16-3 at 102), which was denied without a hearing by Order dated October 6, 2010. (Doc. 16-3 at 128, Order).

On December 29, 2011, Petitioner's PCRA petition was denied. (Doc. 16-3

4

at 157, Opinion and Order).

On September 2, 2011, McGee filed a state petition for writ of habeas corpus. (Doc. 16-3 at 134, petition). By Order dated May 30, 2012, the Pennsylvania Supreme Court granted Petitioner's Application for leave to file original process and denied the petition for writ of habeas corpus. (Doc. 16-3 at 204, Order).

On August 13, 2012, Petitioner filed the instant petition. (Doc. 1, petition). He raises the following grounds for relief:

1. Inordinate delay of 6 years 11 months to answer the still pending PCRA petition.

2. Actual Innocence in that "the 'direct evidence' from the crime scene investigation proves how impossible it would have been for the Petitioner to have had any involvement in the crime itself."

3. Trial court failed to address Petitioner's habeas corpus petition or any issues contained therein.

4. Petition for Redress of Grievance, challenging court's jurisdiction, denied.

5. Petition for Redress of Grievance for the Commonwealth "to produce and provide specific evidence showing proof of claim/proof of authority concerning case number CP-14-CR-1842-2001" denied.

6. Ineffective assistance of pre-trial, trial, post trial, direct appeals counsel, and PCRA counsel.

> 7. Inordinate delay of 6 years 11 months to answer the still pending PCRA petition.

(Doc. 1, petition). A response and traverse having been filed, the petition is now ripe for disposition and, for the reasons set forth below, will be denied.

## II. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

A district court may only grant a habeas petition if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); see also Coleman v. Thompson, 501 U.S. 722, 731-32(1991); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir.2004). Exhaustion requires the petitioner "to give the state courts a full and fair opportunity to resolve

federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the state's established appellate review process," including petitioning for discretionary appeal. O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1999); Slutzker, 393 F.3d at 380 (citing Doctor v. Walters, 96 F.3d 675, 681 (3d Cir.1996)). The burden is on the petitioner to establish that all available state remedies have been exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir.2005).

Exhaustion is excused for futility if "there is an absence of available State corrective process," for example when an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); Slutzker, 393 F.3d at 380 (citing Doctor, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. Coleman, 501 U.S. at 729-730; Slutzker, 393 F.3d at 380-381. An unexhausted claim which may no longer be raised in the state courts because of a procedural bar, such as a prior waiver of the claim or the failure to raise the claim in a timely petition, is considered to have been defaulted. Lambert v. Blackwell, 134 F.3d 506, 518 (3d Cir.1997). Federal courts may not entertain habeas petitions

where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 729-730; Slutzker, 393 F.3d at 380-381.

Procedural default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 749-50; Slutzker, 393 F.3d at 380-381. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray, 477 U.S. at 488. Actual prejudice requires a petitioner to establish that an error caused him "actual and substantial disadvantage." Murray, 477 U.S. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

Respondents argue that Petitioner has failed to exhaust his state court remedies with respect to the issues raised in the instant petition. Specifically, Respondents state that Petitioner's grounds one through seven are overlapping and, at times incomprehensible, and were either not included in any direct or collateral appeal in the state court system and were, therefore, not properly exhausted. (See Doc. 16, response at 9). The Court finds Respondents' argument to be well-taken.

A review of the record reveals that none of the seven issues raised by

Petitioner in the instant action were raised by Petitioner in his direct appeal[1] or exhausted on collateral review. To the extent that Petitioner argues inordinate delay with respect to the state court addressing his PCRA petition[2], the record reveals that Petitioner's PCRA petition was denied on December 29, 2011 and no appeal was taken. As such, Petitioner has failed to exhaust his state court remedies with respect to the claims raised in the instant petition.[3]

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further

---

[1] The Court notes that Petitioner's direct appeal raised five issues of trial court error. (See Doc. 16-3 at 1-4, Memorandum Opinion). There are no trial court error issues raised in the instant federal habeas corpus petition.

[2] While it is true that Petitioner filed his first PCRA on July 18, 2005, the record reveals that over the years he has been unhappy with his court-appointed counsel and has continually added new issues to his PCRA, thus hampering the trial court's ability to make a final determination. The Court finds that Singleton v. Wynder, 485 F.Supp.2d 602 (E.D. Pa. 2007) is instructive, as it stands for the proposition that both the delay in this case is not enough to qualify as "inordinate" and that delays caused by Petitioner are not grounds for relief under inordinate delay. As is indicated by the voluminous record of filings in state and federal courts by Petitioner, neither the Commonwealth, nor the Court, are responsible for the delay.

[3] In addition, habeas relief can be granted only based upon the proceedings that actually resulted in the petitioner's conviction, not upon circumstances that occurred during the petitioner's state post-conviction proceedings. See, Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998). Consequently, Petitioner's claims contained within the instant petition that are premised upon delay or other problems encountered while seeking state collateral relief are inappropriate grounds for granting habeas review. See id.

relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. §2254(b); see also, Werts v. Vaughn, 228 F.2d 178, 192 (3d Cir. 2000). It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused. Lines, 208 F.3d at 163.

In such cases applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also, Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001); Lines, 208 F.3d at 164-66.

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.) cert. denied, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S. at 750. In order to demonstrate a fundamental

miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller, 251 F.3d 408.

In view of the passage of time since McGee's conviction became final, it does not appear as though he could pursue any state court remedies at this time. See Lines, 208 F.3d at 163. That is, any relief that may have been available to McGee under the PCRA act is now foreclosed by its 1-year statute of limitations and Petitioner's claims do not satisfy any of the three §9545 exceptions. See 42 Pa.C.S. § 9545.[4] The Petitioner, however, has not alleged cause or prejudice. Nor

---

[4] Pennsylvania prisoners must file their initial and subsequent PCRA petitions:

> within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (I)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that

has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, his challenge to the validity of his conviction must be rejected on the ground that McGee failed to pursue all issues raised in the instant petition in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance.

Regardless of exhaustion, the Court finds that the majority of Petitioner's claims have been resolved, or are out of the scope of this Court's review. Specifically, with respect to issues one and seven, in which Petitioner challenges that inordinate delay in ruling on his PCRA petition, the record demonstrates that McGee's PCRA petition was denied on December 29, 2011. (See Doc. 16-3 at 157, Opinion and Order). Thus, Petitioner's claims regarding a decision on his

---

>was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

(1) Any petition invoking an exception provided in paragraph (1) shall e filed within 60 days from the date the claim could have been presented. 42 Pa.C.S. § 9545(b).

PCRA petition are moot.

Petitioner's third issue, alleging that the trial court to failed address his state habeas corpus petition or any issues contained therein, is also moot. On May 30, 2012, the Pennsylvania Supreme Court granted Petitioner's Application for leave to file original process and denied the petition for writ of habeas corpus. (See Doc. 16-3 at 204, Order).

Finally, with respect to issues, four and five, in which Petitioner challenges the denial of his state court Petitions for Redress of Grievance, such issues fall outside the scope of federal habeas corpus review. Regardless, McGee's Petitions for Redress of Grievance have been addressed and denied by the state courts as meritless. (See Doc. 16-3 at 99, Order and 128, Order). Consequently, the petition for writ of habeas corpus will be denied. An appropriate order will follow.


Dated: July 14, 2015                    /s/William J. Nealon
                                        **United States District Judge**